UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHERINE J. HEIDRICH,

                                  Plaintiff,

                                                                                           <u>DECISION AND ORDER</u>

                                                                                           16-CV-6733L

                                  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                 Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On July 11, 2013, plaintiff, then fifty-four years old, filed an application for a period of disability and disability insurance benefits, alleging an inability to work since September 1, 2012. (Administrative Transcript, Dkt. #8 at 13).[1] Her application was initially denied. Plaintiff requested a hearing, which was held on November 3, 2014 via videoconference before Administrative Law Judge ("ALJ") Mary F. Withum. The ALJ issued a decision on April 22, 2015, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 13-24). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 15, 2016. (Dkt. #8 at 1-3). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #10), and the Commissioner has cross moved (Dkt. #14) for judgment

---

[1] Note that the Administrative Transcript portions cited herein are identified using the internal Bates-stamped pagination utilized by the parties.

on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, particularly her treatment notes for Type II diabetes and notations establishing plaintiff's obesity, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, except that plaintiff can never perform work on ladders, ropes, or scaffolds, must avoid all exposure to unprotected heights, and can frequently stoop, crouch, kneel and crawl. Based on this finding and the testimony of vocational expert Abbe May, the ALJ concluded that plaintiff's RFC permits her to return to her previous work as a school bus monitor.

### I. Medical Opinions of Record

Initially, the ALJ gave "little" weight to the opinion of plaintiff's treating physician, Dr. Mark Reifenstein, correctly noting that Dr. Reifenstein had provided no assessment of plaintiff's exertional abilities except for her ability to twist, stoop, crouch, and climb, and made only vague references to nonexertional limitations (by listing *potential* mental diagnoses, following them with

a question mark). Dr. Reifenstein provided no supporting explanation or objective testing results to establish any of the listed limitations, instead referring broadly to plaintiff's treatment notes. (Dkt. #8 at 438-42).

To the extent that Dr. Reifenstein's RFC report contained unsupported and/or tentative opinions concerning plaintiff's non-exertional limitations, the ALJ did not act improperly in rejecting it. Indeed, plaintiff's treatment notes with Dr. Reifenstein pertain only to physical issues (e.g., Type II diabetes, hypertension, pain, numbness, dizziness, sleep disorder) and contain no diagnosis of a mental condition, and no record of any treatment for mental or psychiatric issues. (Dkt. #8 at 407-36). *See* Dkt. #8 at 439 (indicating only "uncertain" possible psychological conditions). Dr. Reifenstein's report also concedes that plaintiff has "few or no[]" clinical signs or objective findings to substantiate her complaints, and that she "[t]akes no meds for her symptoms." (Dkt. #8 at 438). As such, Dr. Reifenstein's opinion concerning plaintiff's RFC, inasmuch as it transparently attempts to *guess* at possible mental diagnoses and attendant psychological limitations, was entirely lacking in support.

To the extent that the ALJ rejected Dr. Reifenstein's opinion as to plaintiff's exertional and/or postural limitations, however (e.g., Dr. Reifenstein indicated that plaintiff can no more than "occasionally" twist and can only "rarely" stoop or crouch, while the ALJ made the contrary finding that plaintiff has the RFC to stoop and crouch "frequently"), the ALJ's rejection of those opinions as "not contain[ing] enough clear information" is insufficiently supported. Ambiguous as it may have been, this portion of the opinion relates to limitations that bear a practical relationship to the symptoms (e.g., numbness, weakness and pain) for which Dr. Reifenstein had provided regular treatment to plaintiff, as described in plaintiff's treatment records. As such, to the extent that the basis for Dr. Reifenstein's opinions concerning plaintiff's exertional and/or

postural limitations was unclear, the ALJ was required to recontact him for clarification. *See Isernia v. Colvin*, 2015 U.S. Dist. LEXIS 126871 at *28 (E.D.N.Y. 2015) ("[t]he law is clear beyond cavil that where, as here, a treating physician's opinion is found by the ALJ to be vague or unclear, it is incumbent on the ALJ to recontact the treating physician for clarification of his or her opinion"). *See also Delgado v. Berryhill*, 2018 U.S. Dist. LEXIS 41745 at *36-*37 (D. Conn. 2018) (rather than rejecting a treating physician's opinion for vagueness, the ALJ should have recontacted the physician).

The ALJ's rejection of portions of the opinion of consultative examiner, Dr. Harbinder Toor, is similarly lacking in support. In assessing Dr. Toor's opinion, the ALJ noted that she was crediting the functional limitations that Dr. Toor identified, but only to the extent that they described no-more-than-moderate limitations, and did not potentially rely on plaintiff's subjective reports concerning her medical history. (Dkt. #8 at 23, 333-36). In making her RFC finding that plaintiff can perform light work and can "frequently stoop, crouch, kneel and crawl" (Dkt. #7 at 17), the ALJ implicitly rejected, at the very least, Dr. Toor's opinion that plaintiff has a "moderate to severe limitation bending and lifting," and failed to provide an explanation for that determination that is sufficiently specific to permit meaningful review. (Dkt. #7 at 336).[2]

By rejecting the opinions of both plaintiff's treating physician and the consulting physician with respect to plaintiff's postural limitations, I find that the ALJ improperly substituted her "own expertise or view of the medical proof [in place of] any competent medical opinion," and that remand is therefore appropriate. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

---

2 The remainder of the postural limitations opined by Dr. Toor were in the mild to moderate range, and postural limitations of moderate or lesser severity are generally considered consistent with the demands of light work. *See Gurney v. Colvin*, 2016 U.S. Dist. LEXIS 26198 at *8 (W.D.N.Y. 2016) (collecting cases and holding that a RFC for light work sufficiently accounts for moderate postural limitations such as lifting, bending, reaching, pushing, pulling and/or carrying, even where it "fail[s] to incorporate the moderate limitation[s] by name").

## II. Effect of Plaintiff's Incontinence

It is well established in the medical evidence of record, and the ALJ acknowledged in her decision (although she did not list it among the plaintiff's "severe impairments"), that plaintiff suffers from urinary and fecal incontinence, and uses diapers. (Dkt. #7 at 19). Incontinence is a non-exertional impairment that must be considered in determining whether a claimant is disabled. *See Lafler v. Colvin*, 2016 U.S. Dist. LEXIS 38579 at *32 (W.D.N.Y. 2016). As such, the ALJ's failure to determine whether and to what extent plaintiff's incontinence affects her RFC – for example, whether plaintiff requires breaks more frequently than usual or requires close access to a restroom – is reversible error.

Plaintiff also argues that the ALJ failed to properly assess her credibility. Because I find that remand is otherwise warranted, I decline to reach that contention. *See generally Siracuse v. Colvin*, 2016 U.S. Dist. LEXIS 34561 at *27 (W.D.N.Y. 2016) (declining to reach remaining challenges to RFC and credibility determinations where remand was otherwise warranted).

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings (Dkt. #10) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied, and this matter is remanded for further proceedings. On remand, the ALJ should recontact Dr. Reifenstein and reassess the consultative medical opinion evidence of record, giving a detailed explanation of the

weight given to each opinion. The ALJ is also directed to consider the effect, if any, of plaintiff's incontinence on her residual functional capacity.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
   May 17, 2018.